GATEWAY, KELSO AND COMPANY, INC. *v.* WEST HARTFORD NO. 1, LLC
(AC 31374)

Lavine, Robinson and Lavery, Js.

Argued November 18, 2010—officially released February 15, 2011

*Kerry M. Wisser*, with whom was *Nathan A. Schatz*, for the appellant (defendant).

*Daniel J. Klau*, with whom, on the brief, was *James G. Green, Jr.*, for the appellee (plaintiff).

*Opinion*

ROBINSON, J. The defendant, West Hartford No. 1, LLC, appeals from the denial of its motion for summary

judgment, which asserted that the doctrine of collateral estoppel barred the action brought by the plaintiff, Gateway, Kelso & Company, Inc. The issue presented in this appeal is whether a factual finding made in a prejudgment remedy proceeding may be accorded collateral estoppel effect in a subsequent proceeding on the merits. Because we conclude that it may not, we affirm the decision of the trial court.[1]

The following facts and procedural history are relevant to our review of the defendant's claim on appeal. As alleged in the underlying complaint, the plaintiff was engaged in the business of developing commercial real estate. During September and October, 2006, the plaintiff was looking for commercial real estate to purchase, to develop and subsequently to lease to its client, Wakefern Food Corporation (Wakefern), a supermarket retail company. In October, 2006, the plaintiff's vice president, Joseph Penner, contacted the defendant's real estate broker, Reno Properties, so that Penner could inspect one of the defendant's properties for purchase. Reno Properties advised Penner that the defendant had a parcel located at 983 New Britain Avenue in West Hartford available for purchase. In a letter to Penner on behalf of the defendant, Reno Properties stated that the parcel was available for $7 million. Wakefern indicated to Penner that it was interested in leasing property in West Hartford. After some negotiation, Penner sent a letter of intent to purchase the parcel for $7 million.

Shortly thereafter, the defendant learned that the plaintiff's client was Wakefern. After learning the client's identity, the defendant contacted Wakefern directly with an offer to lease the parcel, effectively

---

[1] "The denial of a motion for summary judgment based on a claim of collateral estoppel is appealable immediately because such a claim is a civil law analogue to the criminal law's defense of double jeopardy . . . ." (Internal quotation marks omitted.) *Clukey* v. *Sweeney*, 112 Conn. App. 534, 537 n.1, 963 A.2d 711 (2009).

removing the plaintiff from the transaction. Wakefern informed the defendant that it could not enter into a lease with the defendant because of its agreement with the plaintiff. The defendant then contacted the plaintiff and negotiated a contract under which the plaintiff would release Wakefern from its agreement in exchange for a $500,000 fee from the defendant, payable upon successful consummation of an agreement between the defendant and Wakefern. The defendant successfully negotiated a lease with Wakefern but failed to uphold its agreement with the plaintiff to pay the $500,000 fee. On March 11, 2009, the plaintiff commenced an action against the defendant alleging fraud, breach of contract and violation of the Connecticut Unfair Trade Practices Act, General Statutes § 42–110a et seq.

In February, 2008, the plaintiff had filed an application for a prejudgment remedy, and a proposed writ of summons and complaint that relied on the same facts alleged in the underlying complaint. The application sought an order authorizing an attachment of the defendant's property in the amount of $500,000. At the hearing on the application, the defendant argued that the plaintiff's proposed complaint sought to enforce what was, in essence, a brokerage agreement and that, because the plaintiff was not licensed to act as a broker in Connecticut, General Statutes § 20-325a (a) barred the plaintiff from bringing an action against the defendant to enforce the agreement.[2] The plaintiff did not dispute that it was unlicensed but argued that § 20-325a (a) was inapplicable because the agreement between the

---

[2] General Statutes § 20-325a (a) provides: "No person who is not licensed under the provisions of this chapter, and who was not so licensed at the time the person performed the acts or rendered the services for which recovery is sought, shall commence or bring any action in any court of this state, after October 1, 1971, to recover any commission, compensation or other payment with respect to any act done or service rendered by the person, the doing or rendering of which is prohibited under the provisions of this chapter except by persons duly licensed under this chapter."

plaintiff and the defendant was not a brokerage agreement. The court, *McWeeny, J.*, heard testimony from two of the plaintiff's witnesses and listened to the parties' arguments. On September 17, 2008, the court issued the following handwritten ruling: "The application is denied after considering the defense that the damages sought are in the nature of a commission, which the plaintiff is not able to collect pursuant to [General Statutes §] 20-311 (3)."[3] The court did not issue any other formal, written decision or otherwise articulate its reasoning.

On April 9, 2009, the defendant filed a motion for summary judgment in the present action. The defendant conceded that the only critical issue was whether the plaintiff had been " 'engaging in real estate business' " as defined in § 20-311 (3). The defendant contended, however, that Judge McWeeny's finding that the plaintiff had engaged in real estate business collaterally estopped the plaintiff from litigating that issue. For that reason, the defendant argued that there was no genuine issue of material fact and, therefore, that it was entitled to judgment as a matter of law. In its opposition, the plaintiff argued that, as a matter of law, a ruling on a prejudgment remedy application could not have collateral estoppel effect in a subsequent proceeding on the merits of the underlying complaint because the prejudgment remedy hearing did not provide a full and fair opportunity to litigate, a necessary requirement for the application of collateral estoppel. Consequently, the plaintiff argued that a genuine issue of material fact

---

[3] General Statutes § 20-311 (3) provides: " 'Engaging in the real estate business' means acting for another and for a fee, commission or other valuable consideration in the listing for sale, selling, exchanging, buying or renting, or offering or attempting to negotiate a sale, exchange, purchase or rental of, an estate or interest in real estate or a resale of a mobile manufactured home, as defined in subdivision (1) of section 21-64, or collecting upon a loan secured or to be secured by a mortgage or other encumbrance upon or transfer of real estate . . . ."

existed as to whether the plaintiff had engaged in real estate business. On July 28, 2009, the court, *Elgo, J.,* denied the motion for summary judgment, noting: "Material issues of fact are in dispute; this court is not persuaded that the court's ruling on the [application for a prejudgment remedy] should be given collateral estoppel effect." The defendant appealed. Additional facts will be set forth as necessary.

Our standard of review for summary judgment is well settled. "Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party moving for summary judgment has the burden of showing the absence of any genuine issue of material fact and that the party is, therefore, entitled to judgment as a matter of law. . . . The test is whether the party moving for summary judgment would be entitled to a directed verdict on the same facts." (Internal quotation marks omitted.) *SS-II, LLC* v. *Bridge Street Associates,* 293 Conn. 287, 293–94, 977 A.2d 189 (2009). Because the court's decision on a motion for summary judgment is a legal determination, our review on appeal is plenary. *Leon* v. *DeJesus,* 123 Conn. App. 574, 576, 2 A.3d 956 (2010); see also *Boone* v. *William W. Backus Hospital,* 272 Conn. 551, 559, 864 A.2d 1 (2005). Additionally, the applicability of res judicata and collateral estoppel presents a question of law over which we employ plenary review. *Powell* v. *Infinity Ins. Co.,* 282 Conn. 594, 601, 922 A.2d 1073 (2007).

Under Connecticut law, "[c]ollateral estoppel, or issue preclusion, prohibits the relitigation of an issue when that issue was actually litigated and necessarily

determined in a prior action. . . . For an issue to be subject to collateral estoppel, it must have been fully and fairly litigated in the first action. It also must have been actually decided and the decision must have been necessary to the judgment. . . . The doctrine of collateral estoppel is based on the public policy that a party should not be able to relitigate a matter which it already has had an opportunity to litigate." (Citations omitted; internal quotation marks omitted.) *Aetna Casualty & Surety Co.* v. *Jones*, 220 Conn. 285, 296, 596 A.2d 414 (1991). Hence, a party may assert the doctrine of collateral estoppel successfully when three requirements are met: "[1] [t]he issue must have been fully and fairly litigated in the first action, [2] it must have been actually decided, and [3] the decision must have been necessary to the judgment." *Busconi* v. *Dighello*, 39 Conn. App. 753, 767–68, 668 A.2d 716 (1995), cert. denied, 236 Conn. 903, 670 A.2d 321 (1996). "Whenever collateral estoppel is asserted . . . the court must make certain that there was a full and fair opportunity to litigate. The requirement of full and fair litigation ensures fairness, which is a crowning consideration in collateral estoppel cases. . . . [I]f the nature of the hearing carries procedural limitations that would not be present at a later hearing, the party might not have a full and fair opportunity to litigate." (Citations omitted; internal quotation marks omitted.) *Aetna Casualty & Surety Co.* v. *Jones*, supra, 306; see also 1 Restatement (Second), Judgments § 28, comment (j) (1982) ("the court in the second proceeding may conclude that issue preclusion should not apply because the party sought to be bound did not have an adequate opportunity or incentive to obtain a full and fair adjudication in the first proceeding").

The defendant claims that the court improperly denied its motion for summary judgment because it failed to accord collateral estoppel effect to Judge McWeeny's finding that the plaintiff had engaged in real

estate business. Specifically, the defendant argues that the issue of whether the plaintiff had engaged in real estate business was fully and fairly litigated, actually decided and necessarily determined in the prejudgment remedy proceeding. We disagree with the defendant and conclude that the court properly denied the defendant's motion for summary judgment because the prejudgment remedy hearing did not afford the plaintiff an opportunity to fully and fairly litigate the merits of its claim.

"It is firmly established that the trial court's hearing in probable cause is not intended to be a full scale trial on the merits of the plaintiff's claim." *Fischel* v. *TKPK, Ltd.*, 34 Conn. App. 22, 24, 640 A.2d 125 (1994). Prejudgment remedy proceedings are circumscribed by statute; General Statutes § 52-278d (a)[4]; and "are not involved with the adjudication of the merits of the action brought

---

[4] General Statutes § 52-278d (a) provides: "The defendant shall have the right to appear and be heard at the hearing. The hearing *shall be limited* to a determination of (1) whether or not there is probable cause that a judgment in the amount of the prejudgment remedy sought, or in an amount greater than the amount of the prejudgment remedy sought, taking into account any defenses, counterclaims or set-offs, will be rendered in the matter in favor of the plaintiff, (2) whether payment of any judgment that may be rendered against the defendant is adequately secured by insurance, (3) whether the property sought to be subjected to the prejudgment remedy is exempt from execution, and (4) if the court finds that the application for the prejudgment remedy should be granted, whether the plaintiff should be required to post a bond to secure the defendant against damages that may result from the prejudgment remedy or whether the defendant should be allowed to substitute a bond for the prejudgment remedy. If the court, upon consideration of the facts before it and taking into account any defenses, counterclaims or set-offs, claims of exemption and claims of adequate insurance, finds that the plaintiff has shown probable cause that such a judgment will be rendered in the matter in the plaintiff's favor in the amount of the prejudgment remedy sought and finds that a prejudgment remedy securing the judgment should be granted, the prejudgment remedy applied for shall be granted as requested or as modified by the court. The court shall not grant the prejudgment remedy if the prejudgment remedy or application for such prejudgment remedy was dismissed or withdrawn pursuant to the provisions of section 52-278j." (Emphasis added.)

by the plaintiff or with the progress or result of that adjudication. They are only concerned with whether and to what extent the plaintiff is entitled to have property of the defendant held in the custody of the law pending adjudication of the merits of that action. . . . The adjudication made by the court on [an] application for a prejudgment remedy is not part of the proceedings ultimately to decide the validity and merits of the plaintiff's cause of action. It is independent of and collateral thereto . . . ." (Citation omitted; internal quotation marks omitted.) *Morris* v. *Cee Dee, LLC*, 90 Conn. App. 403, 411–12, 877 A.2d 899, cert. granted on other grounds, 275 Conn. 929, 883 A.2d 1245 (2005) (appeal withdrawn March 13, 2006). The trial court may grant a prejudgment remedy upon a finding that "there is probable cause that a judgment in the amount of the prejudgment remedy sought, or in an amount greater than the amount of the prejudgment remedy sought, taking into account any defenses, counterclaims or setoffs, will be rendered in the matter in favor of the plaintiff"; General Statutes § 52-278d (a) (1); this is, of course, a less demanding standard than the preponderance of the evidence standard that applies in civil trials. It necessarily will be the case that "the evidence presented at the hearing will not be as well developed as it would be at trial, particularly when . . . the parties have not finished the discovery process." (Internal quotation marks omitted.) *CC Cromwell, Ltd. Partnership* v. *Adames*, 124 Conn. App. 191, 194, 3 A.3d 1041 (2010). "There is no assurance that, when a hearing on the merits is eventually reached, the evidence will be identical to the evidence adduced at the prejudgment remedy hearing. In fact, the evidence at trial will usually be much more expansive and may include exhibits or testimony not yet available at the time of the hearing on the application or the prejudgment remedy." *Bosco* v. *Arrowhead by the Lake, Inc.*, 53 Conn. App. 873, 874–75, 732 A.2d 205 (1999).

The sole purpose of the hearing in this case was to determine whether and to what extent the plaintiff was entitled to have the defendant's property attached *pending adjudication of the merits of that action.* In light of this limited inquiry, the hearing in this case lasted no longer than one day. The court permitted only the plaintiff's witnesses to testify. The defendant was not permitted to call any witnesses. The court did not permit the defendant to complete its cross-examination of one of the plaintiff's witnesses, which resulted in the plaintiff being unable to conduct redirect examination of that same witness.[5] The substantial procedural disparity between the prejudgment remedy proceeding and a subsequent proceeding on the merits negates the preclusive effect of Judge McWeeny's finding. Moreover, if collateral estoppel effect were to be accorded to findings made in prejudgment remedy proceedings, those proceedings would likely evolve into full scale determinations of the merits of the plaintiff's claim. We conclude, therefore, that the court properly determined that the doctrine of collateral estoppel was inapplicable under the circumstances of this case.[6]

The decision is affirmed and the case is remanded for further proceedings according to law.

In this opinion the other judges concurred.

---

[5] In response to the question by the defendant's counsel regarding whether he could complete cross-examination of the plaintiff's witness, the court stated: "It's not the trial. . . . We don't do the trial in these cases. You know . . . I have enough facts."

[6] In its brief, the defendant also contends that the plaintiff had a full and fair opportunity to litigate the issue of whether it had engaged in real estate business because, in its opposition to the defendant's motion for summary judgment, the plaintiff failed to provide a factual basis from which to conclude that any evidence would be proffered at a trial on the merits that would be any different from the evidence that was offered at the prejudgment remedy hearing. Because we conclude that the prejudgment remedy hearing did not afford the plaintiff an opportunity to fully and fairly litigate the issue, it is inconsequential that the plaintiff did not produce additional or different evidence in opposition to the defendant's motion for summary judgment.