## CARMEN LEON *v.* NATIVIDAD DEJESUS
### (AC 31225)

DiPentima, C. J., and Harper and Mihalakos, Js.

Argued April 13—officially released September 7, 2010

*Anthony E. Feit*, for the appellant (plaintiff).

*Heather Q. Wallace*, for the appellee (defendant).

MIHALAKOS, J. The plaintiff, Carmen Leon, appeals from the summary judgment rendered by the trial court in favor of the defendant, Natividad DeJesus, in this negligence action. The plaintiff claims that the court improperly rendered summary judgment after concluding that the defendant owed no legal duty to her. We affirm the judgment of the trial court.

The pleadings, affidavits and other documentary information presented to the court reveal the following undisputed facts. The plaintiff, a home health care aide, filed a complaint and offered subsequent deposition testimony, alleging that on December 14, 2007, at approximately 8 a.m., she was entering the defendant's building on Stanley Street in East Hartford for her daily nursing visit to an upstairs tenant. The building has a driveway and a walkway that leads to steps that ascend to the front entrance. According to the plaintiff, when she arrived, the driveway and steps were clear, the temperature was going down and rain had started to fall. She entered through the front door and remained inside the premises for approximately two hours. At about 10 a.m., when the plaintiff left the premises, rain was still falling. She stated that there was no salt or sand on the steps outside the front door. As she descended the steps back toward the driveway, she slipped and fell on ice that had formed on the steps, causing her injury.

The defendant was not present on the property at the time of the accident. Sonia Vazquez, who lived with the defendant, stated by affidavit that she and her brother cleared the snow and ice that had fallen the previous night. She also indicated that when she left the property that morning, there was no ice or snow present on the steps, walkway or driveway leading to the building.

On March 23, 2009, the defendant filed a motion for summary judgment, alleging that there existed no triable issue of material fact and that the defendant owed no duty to the plaintiff. The defendant's motion was granted by the court on June 4, 2009. On appeal, the plaintiff alleges that genuine issues of material fact exist as to whether the defendant failed to clear the steps of snow and ice and also failed to warn the plaintiff, as a business invitee on the premises, of this dangerous condition.

At the outset, we note our standard of review. "Summary judgment is appropriate when the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . Thus, because the court's decision on a motion for summary judgment is a legal determination, our review on appeal is plenary . . . . The existence of a duty of care is a prerequisite to a finding of negligence. . . . The existence of a duty is a question of law and only if such a duty is found to exist does the trier of fact then determine whether the defendant [breached] that duty in the particular situation at hand. . . . If a court determines, as a matter of law, that a defendant owes no duty to a plaintiff, the plaintiff cannot recover in negligence from the defendant. . . .

"Our Supreme Court has stated that the test for the existence of a legal duty of care entails (1) a determination of whether an ordinary person in the defendant's position, knowing what the defendant knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result, and (2) a determination, on the basis of a public policy analysis, of whether the defendant's responsibility for its negligent conduct should extend to the particular consequences or particular plaintiff in the case. . . .

"Our first step in an analysis of whether a duty exists and the extent of the defendant[s'] duty . . . is to determine the foreseeability of the plaintiff[s'] injury . . . . It is a well established tenet of our tort jurisprudence, however, that [d]ue care does not require that one guard against eventualities which at best are too remote to be reasonably foreseeable. . . . [A] defendant [is] not required to take precautions against hazards [that are] too remote to be reasonably foreseeable. . . . Due care is always predicated on the existing circumstances." (Citations omitted; internal quotation marks omitted.) *Lachowicz* v. *Rugens*, 119 Conn. App. 866, 868–69, 989 A.2d 651, cert. denied, 297 Conn. 901, 994 A.2d 1287 (2010).

The plaintiff asserts that the court improperly determined that the defendant did not owe her a duty of care because there is an issue of material fact as to whether the storm had ended prior to her fall and whether salt or sand had been applied to the steps.

Our Supreme Court, in *Kraus* v. *Newton*, 211 Conn. 191, 197–98, 558 A.2d 240 (1989), stated that "[w]e believe that in the absence of unusual circumstances, a property owner, in fulfilling the duty owed to invitees upon his property to exercise reasonable diligence in removing dangerous accumulations of snow and ice, may await the end of a storm and a reasonable time thereafter before removing ice and snow from outside walks and steps. To require a landlord or other inviter to keep walks and steps clear of dangerous accumulations of ice, sleet or snow or to spread sand or ashes while a storm continues is inexpedient and impractical."

Having carefully reviewed the pleadings and evidentiary submissions, we agree with the court's thoughtful and well reasoned findings in its memorandum of decision. We decline to review the plaintiff's claim that her

status as a home health care worker constitutes an unusual circumstance relative to the general rule established by our Supreme Court in *Kraus* v. *Newton*, supra, 211 Conn. 197–98, because the plaintiff briefed it inadequately. See *DuBaldo Electric, LLC* v. *Montagno Construction, Inc.*, 119 Conn. App. 423, 444, 988 A.2d 351 (2010). Therefore, because it is undisputed that there was rain at the time of the plaintiff's fall, the defendant was entitled to judgment as a matter of law.

The plaintiff's own testimony established that the temperature was around freezing and that rain was falling both when she arrived on the premises at 8 a.m. and as she left the premises approximately two hours later. She also asserted that prior to her arrival on the premises, the driveway, walkway and steps had been cleared of the snow and ice that had fallen the previous evening. That morning's precipitation was either a continuation of the previous evening's storm or the onset of a new storm. Thus, it cannot be disputed that there was a storm ongoing at the time of the plaintiff's injury. Therefore, the court properly concluded that our Supreme Court's decision in *Kraus* applies to this case. Our examination of the record persuades us that the court resolved properly the principles of law involved and that its judgment should be affirmed.

The judgment is affirmed.

In this opinion the other judges concurred.