******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

# ROBERT BELEVICH *v.* RENAISSANCE I, LLC
## (AC 43085)

Moll, Alexander and DiPentima, Js.

*Syllabus*

The plaintiffs, B and Y Co., sought to recover damages from the defendants, certain companies possessing, controlling, managing and maintaining certain premises, for personal injuries B sustained in connection with an alleged slip and fall as a result of untreated ice on the premises. The trial court granted the defendants' motion for summary judgment on the basis of the ongoing storm doctrine, and the plaintiffs appealed to this court. *Held* that the trial court properly granted the defendants' motion for summary judgment because the defendants met their initial burden to demonstrate that there was no genuine issue of material fact that there was an ongoing storm at the time of B's fall, and the plaintiffs thereafter failed to sustain their burden: as the movants for summary judgment, the defendants met their initial burden by submitting admissible evidence showing it was undisputed that there was an ongoing storm at the time of B's alleged fall, and the burden subsequently shifted to the plaintiffs to demonstrate the existence of a genuine issue of fact as to whether B's fall was caused by a slippery condition that existed prior to the ongoing storm and whether the defendants had actual or constructive notice of the allegedly preexisting condition, and the plaintiffs failed to do so, as their evidentiary submission contained no evidence to suggest that the allegedly icy condition at the location where B fell had existed prior to the ongoing storm or that the defendants had actual or constructive notice of any preexisting icy conditions; moreover, this court expressly adopted the burden-shifting approach used by the state of New York in addressing this issue of first impression to determine precisely what a movant for summary judgment must demonstrate to satisfy its initial burden when relying on the ongoing storm doctrine and any burden shifting that may follow.

Argued October 7, 2020—officially released August 31, 2021

*Procedural History*

Action to recover damages for personal injuries sustained as a result of the defendant's alleged negligence, and for other relief, brought to the Superior Court in the judicial district of New Haven, where the court, *Markle, J.*, granted a motion to intervene as a party plaintiff filed by Yale University; thereafter, the court granted the named plaintiff's motions to cite in B & W Paving & Landscaping, LLC, and Winstanley Property Management, LLC, as party defendants; thereafter, the court, *Abrams, J.*, granted the defendants' motion for summary judgment and rendered judgment thereon, from which the plaintiffs appealed to this court. *Affirmed.*

*Russell J. Bonin*, with whom was *Phyllis M. Pari*, for the appellants (plaintiffs).

*David M. Houf*, for the appellees (defendants).

*Opinion*

MOLL, J. The plaintiff, Robert Belevich, and the intervening plaintiff, Yale University (Yale) (collectively, plaintiffs), appeal from the summary judgment rendered by the trial court in favor of the defendants, Renaissance I, LLC (Renaissance), B & W Paving & Landscaping, LLC (B & W), and Winstanley Property Management, LLC (Winstanley) (collectively, defendants), on Belevich's one count complaint sounding in premises liability arising out of his alleged slip and fall.[1] On appeal, the plaintiffs claim that the court improperly granted summary judgment in favor of the defendants on the basis of the ongoing storm doctrine because (1) the defendants did not establish the absence of a genuine issue of material fact as to the applicability of the doctrine, and (2) the court improperly, albeit implicitly, shifted the burden to the plaintiffs to negate the applicability of the doctrine, contending that the defendants should have been required to demonstrate that the ongoing storm produced the black ice on which Belevich allegedly fell.[2] We affirm the summary judgment of the trial court.

Belevich alleged, inter alia, the following facts in the operative complaint. On January 31, 2017, Belevich was caused to slip and fall as a result of untreated ice on premises possessed, controlled, managed, and maintained by the defendants. Such occurrence was alleged to have resulted from the negligence of the defendants in one or more of seven ways specified in the complaint. As a result of such fall, Belevich suffered various physical injuries and has incurred, and may continue to incur, medical expenses, pain and suffering, loss of enjoyment of life's activities, and a loss of wages and earning capacity.

On November 1, 2017, Belevich commenced the present action against Renaissance. On November 29, 2017, pursuant to General Statutes § 31-293, Yale filed a motion to intervene as a party plaintiff, alleging that, on or about January 31, 2017, Belevich was an employee of Yale, and claiming that any damages recovered by him shall be paid and apportioned such that Yale would be reimbursed for all workers' compensation benefits it paid to or on behalf of Belevich pursuant to the Workers' Compensation Act, General Statutes § 31-275 et seq. The court granted Yale's motion to intervene on January 17, 2018. Thereafter, B & W and Winstanley were cited in as party defendants.

On July 11, 2018, Belevich filed his second amended complaint, which became the operative complaint, sounding in one count of premises liability.[3] In the operative complaint, Belevich alleged that on January 31, 2017, he was caused to slip and fall as a result of untreated ice stemming from the negligence of the defendants. The defendants answered the complaint

and asserted a special defense alleging that Belevich's alleged injuries and damages were caused, in whole or in part, by his own negligence.

On October 31, 2018, the defendants filed a motion for summary judgment directed to the operative complaint, accompanied by a supporting memorandum of law and appended exhibits. The defendants argued therein that they were entitled to judgment as a matter of law on the grounds that they owed no duty to Belevich (1) on the basis of the ongoing storm doctrine and (2) because they lacked actual or constructive notice of the alleged defect. As evidentiary support for their motion, the defendants submitted transcript excerpts from the September 20, 2018 deposition of Belevich.

Those excerpts reflected Belevich's testimony to the following facts. On January 31, 2017, Belevich was an HVAC controls mechanic employed by Yale. It was snowing when he arrived at work. Belevich did not know when it started to snow that morning. As far as he knew, from the time he arrived at work until his fall at 2:30 p.m., it continued to snow. He was sure that while he was working, he looked out windows and saw that it was continuing to snow. At 2:30 p.m., while walking toward the garage where he had parked his car, he slipped and fell in a parking lot in front of 344 Winchester Avenue in New Haven. Belevich testified unequivocally that it was snowing at the time of his fall. In addition, there were a couple of inches of snow on the ground, and at least one snowplow was in the process of plowing the parking lot. Belevich testified that he walked from the part of the parking lot that was covered in snow to the area that had been cleared; he "walk[ed] a little bit faster . . . picked up speed and . . . fell." He thought he fell on black ice. He had no idea how thick the ice was, and he did not know how long it had been there.

On March 6, 2019, Belevich filed a memorandum of law in opposition to the defendants' motion for summary judgment with appended exhibits, including additional transcript excerpts from his deposition, as well as his March 6, 2019 affidavit.[4] In his affidavit, Belevich stated, among other things, that, on January 31, 2017, during the 11 a.m. hour while he was waiting for a Yale van to transport him from a job assignment, he did not see any snow falling and that he did not remember seeing snow falling during a fifteen minute ride when his lunch break was over at 12:30 p.m. He also stated that, on January 31, 2017, at approximately 2:30 p.m., around the time of his afternoon break, he noticed that it was snowing.

On May 17, 2019, the trial court granted the defendants' motion for summary judgment on the basis of the ongoing storm doctrine.[5] The court reasoned: "While the only evidence before the court regarding the ongoing storm issue is [Belevich's] deposition testi-

mony indicating that it was snowing when he fell, that testimony is uncontroverted and, as a result, sufficient to allow the defendant[s] to meet [their] factual burden on the ongoing storm issue. Clearly, had [Belevich] presented the court with certified climatological data, testimony or any other evidence to the contrary, it would give rise to a genuine issue of material fact, but no such evidence is before the court. As a result, the defendant[s'] motion for summary judgment is hereby granted."[6] This appeal followed. Additional facts and procedural history will be set forth as necessary.

Before turning to the plaintiffs' claims on appeal, we set forth the relevant standard of review. "Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A party moving for summary judgment is held to a strict standard. . . . To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. . . . As the burden of proof is on the movant, the evidence must be viewed in the light most favorable to the opponent. . . . When documents submitted in support of a motion for summary judgment fail to establish that there is no genuine issue of material fact, the nonmoving party has no obligation to submit documents establishing the existence of such an issue. . . . Once the moving party has met its burden, however, the opposing party must present evidence that demonstrates the existence of some disputed factual issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court under Practice Book § [17-45]. . . . Our review of the trial court's decision to grant [a] motion for summary judgment is plenary." (Emphasis omitted; internal quotation marks omitted.) *Capasso* v. *Christmann*, 163 Conn. App. 248, 257, 135 A.3d 733 (2016).

On appeal, the plaintiffs claim that the court improperly rendered summary judgment in favor of the defendants on the basis of the ongoing storm doctrine because (1) the defendants did not establish the absence of a genuine issue of material fact as to the applicability of the doctrine, and (2) the court improperly shifted the burden to the plaintiffs to negate the applicability of the doctrine because the defendants provided no evidence that an ongoing storm produced the black ice on which Belevich allegedly fell. We disagree and address these interrelated claims together.

This appeal requires us to consider the application

of the ongoing storm doctrine in the context of summary judgment and its attendant burden-shifting. In *Kraus* v. *Newton*, 211 Conn. 191, 197–98, 558 A.2d 240 (1989), our Supreme Court adopted the ongoing storm doctrine relating to the duty to protect invitees upon one's property when a snowstorm is in progress at the time of the plaintiff's alleged injury. The court defined the doctrine as follows: "[I]n the absence of unusual circumstances, a property owner, in fulfilling the duty owed to invitees upon his property to exercise reasonable diligence in removing dangerous accumulations of snow and ice, may await the end of a storm and a reasonable time thereafter before removing ice and snow from outside walks and steps.[7] To require a landlord or other inviter to keep walks and steps clear of dangerous accumulations of ice, sleet or snow or to spread sand or ashes while a storm continues is inexpedient and impractical. Our decision, however, does not foreclose submission to the jury, on a proper evidentiary foundation, of the factual determinations of whether a storm has ended or whether a plaintiff's injury has resulted from new ice or old ice when the effects of separate storms begin to converge." (Footnote added; footnote omitted.) Id.; see also *Umsteadt* v. *G. R. Realty*, 123 Conn. App. 73, 82–83, 1 A.3d 243 (2010) (addressing accuracy of jury charge in light of *Kraus*); *Cooks* v. *O'Brien Properties, Inc.*, 48 Conn. App. 339, 342–47, 710 A.2d 788 (1998) (same).

In *Leon* v. *DeJesus*, 123 Conn. App. 574, 575, 2 A.3d 956 (2010), a negligence action, this court affirmed the summary judgment rendered by the trial court in favor of the defendant on the ground that, pursuant to the ongoing storm doctrine, the defendant owed no legal duty to the plaintiff. This court reasoned that, pursuant to our Supreme Court's decision in *Kraus*, because it was undisputed that there was an ongoing storm at the time of the plaintiff's alleged fall, the defendant was entitled to judgment as a matter of law. Id., 578. In *Leon*, we did not expressly opine on (1) precisely what a movant for summary judgment must demonstrate to satisfy its initial burden when relying on the doctrine and (2) any burden-shifting that may follow. This appeal provides such an opportunity.

We initially observe that the appellate authority from other jurisdictions that have adopted the ongoing storm doctrine in which courts have addressed the doctrine in the context of summary judgment is relatively scant. Nevertheless, the doctrine has been the subject of frequent application in New York,[8] and we turn to that body of law for guidance. See *Squeo* v. *Norwalk Hospital Assn.*, 316 Conn. 558, 573, 113 A.3d 932 (2015) ("[w]hen contemplating issues of first impression with regard to Connecticut's common law, we often have sought to benefit from the collective wisdom and experience of our sister states").

We find the New York Appellate Division's decision in *Meyers* v. *Big Six Towers, Inc.*, 85 App. Div. 3d 877, 925 N.Y.S.2d 607 (2011), to be particularly helpful. In *Meyers*, the court stated the following with respect to burden-shifting in the context of the ongoing storm doctrine, often referred to as the "storm in progress" doctrine under New York law: "As the proponent of the motion for summary judgment, the defendant ha[s] to establish, prima facie, that it neither created the snow and ice condition nor had actual or constructive notice of the condition . . . . [T]he defendant [may sustain] this burden by presenting evidence that there was a storm in progress when the plaintiff fell . . . . [Upon the defendant meeting its burden], the burden shift[s] to the plaintiff to raise a triable issue of fact as to whether the precipitation from the storm in progress was not the cause of his accident . . . . To do so, the plaintiff [is] required to raise a triable issue of fact as to whether the accident was caused by a slippery condition at the location where the plaintiff fell that existed prior to the storm, as opposed to precipitation from the storm in progress, and that the defendant had actual or constructive notice of the preexisting condition . . . ." (Citations omitted.) Id., 877–78. We are persuaded by the foregoing burden-shifting approach as it has been articulated under New York law, we note that it is consistent with *Leon* v. *DeJesus*, supra, 123 Conn. App. 574, and we expressly adopt it as a matter of Connecticut common law.

We now turn to an application of such principles to the present case. As the movants for summary judgment, the defendants bore the initial burden to demonstrate that there was no genuine issue of material fact that there was an ongoing storm when Belevich allegedly fell. See *Meyers* v. *Big Six Towers, Inc.*, supra, 85 App. Div. 3d 877. Here, the defendants submitted admissible evidence in the form of Belevich's deposition testimony. Specifically, during his deposition, Belevich testified that it was snowing when he fell, and that it had been snowing all day. More specifically, Belevich was asked if "it continue[d] to snow all day until 2:30 [p.m.]," to which he answered, "[y]es." Additionally, when asked if it was snowing "on [his] head" "[a]s [he] walk[ed] toward the garage," Belevich answered, "[y]es." The evidence submitted in opposition to the defendants' motion did not create a triable issue of fact in this regard. Most notably, Belevich's affidavit left the fact of an ongoing storm uncontroverted. Instead, Belevich reaffirmed that fact by stating that "[a]t approximately 2:30 p.m., around the time of my afternoon break, I noticed that it was snowing." Thus, it remained undisputed that there was an ongoing storm at the time of Belevich's alleged fall.[9] Thus, the defendants satisfied their initial burden to demonstrate that there was no genuine issue of material fact that there was an ongoing storm when Belevich allegedly fell. See, e.g.,

id. (defendant sustained burden by presenting evidence of storm in progress when plaintiff fell); see also *Ryan* v. *Beacon Hill Estates Cooperative, Inc.*, 170 App. Div. 3d 1215, 1216, 96 N.Y.S.3d 630 (2019) (defendants sustained burden where it was undisputed that storm was in progress at time of plaintiff's accident).

Accordingly, the burden shifted to the plaintiffs to demonstrate the existence of a genuine issue of fact as to whether Belevich's fall was caused by a slippery condition that existed prior to the ongoing storm and whether the defendants had actual or constructive notice of the allegedly preexisting condition. See *Meyers* v. *Big Six Towers, Inc.*, supra, 85 App. Div. 3d 877–78. The plaintiffs failed to show that there existed a genuine issue of fact "as to whether the accident was caused by a slippery condition at the location where [Belevich] fell that existed prior to the storm, as opposed to precipitation from the storm in progress, and that the defendant[s] had actual or constructive notice of the preexisting condition . . . ." Id., 878. Belevich's evidentiary submission, which included additional deposition excerpts and his affidavit, contained no evidence to suggest that the allegedly icy condition at the location where he fell had existed prior to the ongoing storm or that the defendants had actual or constructive notice of any preexisting icy conditions. Indeed, Belevich's deposition excerpts reflected his testimony that he did not know how long the black ice had been there and had no idea how thick it was. His affidavit was silent on these issues. See footnote 9 of this opinion. Thus, the plaintiffs failed to sustain their burden. See, e.g., *Campanella* v. *St. John's University*, 176 App. Div. 3d 913, 913, 112 N.Y.S.3d 153 (2019) (The plaintiff's "opposition papers failed to raise a triable issue of fact as to whether the accident was caused by ice that existed prior to the storm, as opposed to precipitation from the storm in progress, and whether the defendant had actual or constructive notice of the alleged preexisting condition . . . . In particular, the opinions contained in an affidavit of the plaintiff's meteorologist as to when and how the alleged ice patch was formed were based on speculation and conjecture . . . ." (Citations omitted.)), appeal denied, 35 N.Y.3d 914, 153 N.E.2d 447, 130 N.Y.S.3d 2 (2020); *Battaglia* v. *MDC Concourse Center, LLC*, 175 App. Div. 3d 1026, 1028, 108 N.Y.S.3d 607 (2019) (notwithstanding plaintiff's deposition testimony and statement of plaintiff's expert, court concluded that "[t]o say that old ice caused the subject ice patch opposed to the storm in progress would require a jury to resort to conjecture and speculation in order to determine the cause of the incident" (internal quotation marks omitted)), aff'd, 34 N.Y.3d 1164, 144 N.E.3d 367, 121 N.Y.S.3d 757 (2020); *Ryan* v. *Beacon Hill Estates Cooperative, Inc.*, supra, 170 App. Div. 3d 1216 ("The plaintiff's opposition papers failed to raise a triable issue of fact as to whether the

accident was caused by ice that existed prior to the storm, as opposed to precipitation from the storm in progress, and whether the defendants had constructive notice of the alleged preexisting condition . . . . The opinions contained in the affidavit of the plaintiff's meteorological expert as to when and how the ice was formed were based on speculation and conjecture . . . ." (Citations omitted.)); *Powell* v. *Cedar Manor Mutual Housing Corp.*, 45 App. Div. 3d 749, 749–50, 844 N.Y.S.2d 890 (2007) ("In opposition, the plaintiff failed to raise a triable issue of fact . . . . The plaintiff's contention that she fell on 'old' ice from a prior storm which was hidden under the new snowfall is mere speculation and insufficient to defeat the defendants' motion for summary judgment . . . ." (Citations omitted.)); *DeVito* v. *Harrison House Associates*, 41 App. Div. 3d 420, 421, 837 N.Y.S.2d 726 (2007) ("Here the injured plaintiff's allegations that the ice which allegedly caused her accident had been present for 'a day or two,' or that it was 'from another time,' were insufficient to raise a triable issue of fact as to whether she fell on 'old' ice . . . . The plaintiffs also did not submit any evidence to substantiate their claim that the weather conditions prior to the accident date could have resulted in the creation of icy patches in the area where the accident occurred, or any proof that the respondents had notice of such a condition . . . ." (Citations omitted.)); *Martin* v. *Wagner*, 30 App. Div. 3d 733, 735, 816 N.Y.S.2d 243 (2006) (concluding that defendants' motion for summary judgment should have been granted because plaintiff failed to satisfy his burden, upon proper burden-shifting, as he produced no proof indicating that " 'snow-ice' " condition that he claimed caused his fall was anything other than result of fresh accumulation).

Notably, under the New York burden-shifting approach that we expressly adopt today, even "[e]vidence that there was ice in the general vicinity of the accident prior to the storm is insufficient to raise a triable issue of fact as to whether the defendant had actual or constructive notice of the condition of the specific area within the parking lot where the plaintiff fell . . . ." *Meyers* v. *Big Six Towers, Inc.*, supra, 85 App. Div. 3d 878, citing *Alers* v. *La Bonne Vie Organization*, 54 App. Div. 3d 698, 863 N.Y.S.2d 750 (2008), *Powell* v. *Cedar Manor Mutual Housing Corp.*, supra, 45 App. Div. 3d 749, *DeVito* v. *Harrison House Associates*, supra, 41 App. Div. 3d 420, *Robinson* v. *Trade Link America*, 39 App. Div. 3d 616, 833 N.Y.S.2d 243 (2007), *Small* v. *Coney Island Site 4A-1 Houses, Inc.*, 28 App. Div. 3d 741, 814 N.Y.S.2d 240 (2006), *Regan* v. *Hartsdale Tenants Corp.*, 27 App. Div. 3d 716, 813 N.Y.S.2d 153 (2006), *Dowden* v. *Long Island Railroad*, 305 App. Div. 2d 631, 759 N.Y.S.2d 544 (2003), and *Zoutman* v. *Goshen Central School District*, 300 App. Div. 2d 656, 752 N.Y.S.2d 711 (2002). The plaintiffs' evidence missed

even this mark by failing to present any evidence of icy conditions prior to the ongoing storm in the vicinity of the location of his fall.

The plaintiffs argue that "the court erred in shifting [the] burden because the defendants provided zero evidence that the storm which caused snow to fall on [Belevich] at 2:30 p.m. also produced the black ice on which [Belevich] fell." They additionally argue that "it was not incumbent on [Belevich] to prove that the storm which caused snow to fall on him at 2:30 p.m. also produced the black ice on which he fell. The defendants provided no evidence of freezing rain, temperature, or, critically, when the black ice was formed. That was their burden, they did not even attempt to meet it, and the court, instead of holding them to their burden, shifted it to the plaintiff[s]. The court erred when it so shifted the burden." We disagree. As previously stated, the burden was on the defendants to show that there was an ongoing storm at the time of Belevich's alleged fall. Upon the defendants' meeting their burden, the burden then shifted to the plaintiffs to demonstrate the existence of a genuine issue of fact as to whether Belevich's fall was caused by a slippery condition that existed prior to the ongoing storm and whether the defendants had actual or constructive notice of the allegedly preexisting condition. We note that the plaintiffs presented even less evidence—e.g., no expert testimony, no weather reports—than what was deemed insufficient in the New York cases cited previously in this opinion.

Finally, we note that the plaintiffs have cited no authority—and we are not aware of any—to support their suggestion that there exists a "black ice" or icy condition exception to the ongoing storm doctrine. Indeed, the conditions at issue in *Kraus* and *Umsteadt*, among others, involved icy conditions.

In sum, the defendants met their initial burden to demonstrate that there was no genuine issue of material fact that there was an ongoing storm at the time of Belevich's fall. The plaintiffs thereafter failed to sustain their burden. Therefore, we conclude that the court properly granted the defendants' motion for summary judgment.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] Although the plaintiffs' joint appeal form indicates that the plaintiffs also appeal from the trial court's June 19, 2019 denial of Belevich's motion to reargue, they have not provided any analysis in their appellate briefs with respect to that ruling. Accordingly, we deem any such claim to be abandoned. See, e.g., *Corrarino* v. *Corrarino*, 121 Conn. App. 22, 23 n.1, 993 A.2d 486 (2010).

[2] The plaintiffs also claim on appeal that—to the extent that the court's rendering of summary judgment was based on the defendants' second argument in support of their motion for summary judgment—namely, that the defendants did not owe a duty to Belevich because they lacked actual or constructive knowledge of the alleged defect—the defendants did not establish the absence of a genuine issue of material fact that they did not

have actual or constructive notice of the alleged black ice. Because the trial court did not reach the defendants' second argument, however, we need not address this claim.

[3] On July 13, 2018, in light of Belevich's second amended complaint, Yale filed a request for leave to file an amended intervening complaint and appended the proposed amendment, which was deemed to have been filed by consent, absent objection.

[4] Yale filed an objection to the defendants' motion for summary judgment, incorporating and adopting Belevich's opposition thereto.

[5] The court set forth its decision in a JDNO notice, which we treat as the court's memorandum of decision.

[6] Belevich and Yale filed separate motions to reargue. Belevich's motion to reargue was denied; Yale's motion to reargue was marked off after the plaintiffs filed their appeal.

[7] We previously have held that a defendant's status as a commercial property owner does not constitute an unusual circumstance under *Kraus*. See *Sinert* v. *Olympia & York Development Co.*, 38 Conn. App. 844, 848–50, 664 A.2d 791, cert. denied, 235 Conn. 927, 667 A.2d 553 (1995).

[8] Cf. *Solazzo* v. *New York City Transit Authority*, 6 N.Y.3d 734, 735, 843 N.E.2d 748, 810 N.Y.S.2d 121 (2005) (applying New York law) ("A property owner will not be held liable in negligence for a plaintiff's injuries sustained as the result of an icy condition occurring during an ongoing storm or for a reasonable time thereafter . . . . Here, it had been snowing, sleeting and raining on and off all day and the steps down into the subway were exposed to those weather conditions. Thus, summary judgment was properly granted in [the] defendants' favor." (Citation omitted.)); see also, e.g., *Sherman* v. *New York State Thruway Authority*, 27 N.Y.3d 1019, 1020, 52 N.E.3d 231, 32 N.Y.S.3d 568 (2016) (affirming reversal of denial of defendant's motion for summary judgment on basis of storm in progress doctrine); *Baker* v. *St. Christopher's Inn*, *Inc.* 138 App. Div. 3d 652, 653–54, 29 N.Y.S.3d 439 (2016) (affirming granting of defendants' motion for summary judgment on basis of storm in progress doctrine); *Meyers* v. *Big Six Towers*, *Inc.*, 85 App. Div. 3d 877, 877–78, 925 N.Y.S.2d 607 (2011) (reversing denial of defendant's motion for summary judgment on basis of storm in progress doctrine); *Sfakionas* v. *Big Six Towers*, *Inc.*, 46 App. Div. 3d 665, 665–66, 846 N.Y.S.2d 584 (2007) (affirming granting of defendant's motion for summary judgment on basis of storm in progress doctrine).

[9] Because Belevich's affidavit does not contradict his prior deposition testimony on this point, we need not address the applicability of the "sham affidavit" rule, which "refers to the trial court practice of disregarding an offsetting affidavit in opposition to a motion for summary judgment that contradicts the affiant's prior deposition testimony. . . . Connecticut appellate courts have yet to expressly adopt this rule." (Citations omitted; internal quotation marks omitted.) *Kenneson* v. *Eggert*, 176 Conn. App. 296, 310, 170 A.3d 14 (2017).